IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KENG HEE PAIK, an individual,

    Plaintiff,

v.

WELLS FARGO BANK, N.A., Successor by Merger to Wells Fargo Bank Southwest, NA formerly known as Wachovia Mortgage FSB formerly known as World Savings Bank FSB, WELLS HOME LOAN SERVICING, LP, a Texas Limited Partnership, and NDEX WEST, LLC, a California Corporation,

    Defendants.
                                          /

No. C 10-04016 WHA

**MEMORANDUM OPINION AND ORDER GRANTING PRELIMINARY INJUNCTION**

## INTRODUCTION

Plaintiff filed an application for a temporary restraining order and order to show cause regarding a preliminary injunction. Because the application indicated that a foreclosure sale was set for January 10, 2011, expedited briefing was ordered, and a hearing held on January 7. Plaintiff's request for a preliminary injunction was granted at that hearing and a written order issued that same day. This opinion was withheld to give the parties an opportunity to meet and confer. Given that they have not resolved the matter, this opinion is issued in support of the order granting a preliminary injunction.

## STATEMENT

Plaintiff filed this action in state court asserting five claims: (1) unfair business practices under California Business and Professions Code Section 17200; (2) wrongful foreclosure under

1  California Civil Code Sections 2923.5, 2923.52, 2923.53, and 2924, *et seq.*; (3) breach of
2  contract; (4) quiet title; and (5) declaratory relief.
3        The complaint alleges that on January 20, 2006, plaintiff entered into written loan
4  agreements with World Savings Bank FSB, and that the loan was later assigned to Wells Fargo
5  Bank, N.A. (Compl. ¶ 13). "Wells" agreed to loan plaintiff $750,000.00, secured by the
6  property (*ibid*.). Wells is named as the beneficiary under the deed of trust. Golden West
7  Savings Association Service Co. was listed as trustee under the deed of trust. "Wells,
8  using[]the name Wachovia Home Loans," is the servicer for the loans (*ibid.*). A copy of the
9  deed of trust is attached to the complaint.
10       The complaint further alleges that plaintiff was not provided with "any documents
11 whatsoever" at or before "the closing" (Compl. ¶ 14). Plaintiff "performed dutifully under the
12 Loan until 2010 when Plaintiff's income was severely reduced" (Compl. ¶ 16). As a result she
13 was unable to make all of the required payments (*ibid.*). On April 16, 2010, NDeX, as trustee
14 for Wells, recorded a notice of default and election to sell under the deed of trust on plaintiff's
15 property (Compl. ¶ 17). At no time prior to recording the notice of default did "Wells, NDeX,
16 the beneficiary, or their agents" contact plaintiff to notify her of her rights with regard to the
17 recording or to provide notices required by law (*ibid.*). Therefore, the complaint asserts that the
18 notice of default — a copy of which was also attached to the complaint — was void.
19       On May 13, NDeX was substituted as trustee under the deed of trust for Golden West
20 (Compl. ¶ 19 and Exh. C). "Sometime thereafter," plaintiff contacted Wells to request a loan
21 modification or work out plan (Compl. ¶ 20). It was "at this time" that she learned that
22 defendants had initiated the foreclosure process (*ibid.*). Wells informed plaintiff that defendants
23 were going to proceed with the foreclosure process even though plaintiff never received notice
24 (*ibid*). "Shortly thereafter," plaintiff requested an accounting, but she has yet to receive one
25 (Compl. ¶ 21). "Shortly thereafter," plaintiff initiated a loan modification plan with Wells,
26 submitted a loan modification package, and submitted all information requested by Wells in a
27 timely and complete manner (Compl. ¶ 22–25). Thereafter, Wells represented to plaintiff
28

**United States District Court**
For the Northern District of California

2

without justification that it would not enter into any loan modification plan with plaintiff and continued with foreclosure proceedings (Compl. ¶ 26).

On July 22, NDeX, "as trustee for Wells," set a date for the foreclosure sale of the property for August 9 (Compl. ¶ 27 and Exh. D). "Plaintiff stands ready, willing, and able to pay the amounts due under the Loan and Deed of Trust, and is ready, willing, and able to make such payment at the times required of her by law" (Compl. ¶ 33). The complaint seeks relief in the form of an order that plaintiff has legal title to the property and quieting title, an order enjoining defendants from selling the property, damages, fees, costs, and interest.

Plaintiff filed suit in state court and defendants removed, asserting diversity jurisdiction. Defendant Wachovia Mortgage, a division of Wells Fargo Bank, N.A., filed a motion to dismiss, which will be resolved by separate order.

Plaintiff filed an application for a temporary restraining order and order to show cause regarding a preliminary injunction. The application represented that a foreclosure sale of the property was scheduled to occur on January 10. Plaintiff argued that she has a likelihood of success on the merits and that she will suffer irreparable injury if her home is sold. In support of her application, plaintiff submitted a declaration which corroborates factual allegations in the complaint, including that she was not contacted by defendants prior to their recording the notice of default to notify her of her rights.

Along with its opposition to the application, defendant Wachovia Mortgage, a division of Wells Fargo Bank, N.A., submitted two letters from plaintiff from her loan file. One is dated December 28, 2009. It includes financial information submitted by plaintiff seemingly because she was told that she "need[s] to change [her] REO schedule." The other correspondence from plaintiff submitted by defendants is a fax transmittal dated April 21, 2010, in which she stated: "I'd like to resubmit for loan modification. Please advise me what is needed." Defendant argued that this evidence (and the complaint itself) support its contention that "there was extensive contact with Wachovia concerning loan modification" and that "plaintiff's modification review occurred **prior to** the filing of the [notice of default]" (Opp. 1–2 (bold in

3

original)). Defendant stated in briefing that this denial occurred in February 2010 but there is nothing in the record to verify (*see ibid.*).

As stated, expedited briefing on the application was ordered, and argument was heard on January 7. A preliminary injunction was granted at the hearing. Counsel discussed the issue of an undertaking, but were unprepared to fix an appropriate amount. Counsel requested time to meet and confer to resolve the entire matter before this opinion issued. It was agreed that a short written order would issue to memorialize the ruling at the hearing, that counsel would have until the close of business on Wednesday, January 12, to meet and confer and submit a statement regarding their resolution or an amount for an undertaking, and that if they failed to resolve the matter this opinion would issue on Thursday, January 13. On January 12 defense counsel filed an application to delay the filing of this opinion, continue the hearing on the motion to dismiss, and advance a settlement conference. Plaintiff did not submit anything. Defense counsel did not address an undertaking.

**ANALYSIS**

A plaintiff seeking a preliminary injunction must show that she is likely to succeed on the merits, that she is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in her favor, and that an injunction is in the public interest. *Winter v. Nat'l Res. Def. Council*, 129 S.Ct. 365, 374 (2008). In balancing these factors, "'serious questions going to the merits' and a hardship balance that tips sharply towards the plaintiff can support issuance of an injunction, so long as the plaintiff also shows a likelihood of irreparable injury and that the injunction is in the public interest." *Alliance for Wild Rockies v. Cottrell*, 622 F.3d 1045, 1053 (9th Cir. 2010).

1. **LIKELIHOOD OF SUCCESS ON THE MERITS**

Plaintiff has presented a serious question on the merits. California Civil Code Section 2923.5 requires:

> [B]efore a notice of default may be filed, that a lender contact the borrower in person or by phone to 'assess' the borrower's financial situation and 'explore' options to prevent foreclosure. . . . '*A mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid*

4

> *foreclosure*.' There is nothing in section 2923.5 that requires the lender to rewrite or modify the loan.

*Mabry v. Superior Court*, 185 Cal. App. 4th 208, 213–14 (2010) (footnote omitted) (emphasis added). In other words, the lender must notify the borrower and help her assess her options for modification but need not automatically provide modification. "[T]he remedy for noncompliance [with Section 2932.5] is a simple postponement of the foreclosure sale, nothing more." *Id.* at 214. The borrower need not tender the full amount of indebtedness to be entitled to her rights under Section 2923.5, and the remedy of postponement is not preempted by federal law. *Id.* at 225–31.

Defendant Wachovia Mortgage, a division of Wells Fargo Bank, N.A., the only defendant to oppose the application, submitted no evidence that it complied with Section 2923.5 before a notice of default was entered. Again, the notice was recorded on April 16, 2010. Defendant claims, however, that "there was extensive contact with Wachovia concerning loan modification" (Opp. 1). Defendant points to the allegations in the complaint in support, but it misleads the reader because, *first*, such allegations indicate the parties were in contact after entry of the notice of default, and *second*, they indicate plaintiff's efforts to contact defendants and not the other way around. Moreover, defendant states that "plaintiff's modification review occurred **prior to** the filing of the [notice of default]" (Opp. 2 (bold in original)), but defendant *submitted no evidence or statements under oath to support this statement*.

As stated, defendant submitted two letters from plaintiff from her loan file. One, dated December 28, 2009, includes financial information submitted by plaintiff seemingly because she was told that she "need[s] to change [her] REO schedule." Based on this evidence defendant argues that plaintiff was aware of foreclosure proceedings prior to the entry of the notice of default. There is no such indication in the correspondence, however. The letter includes financial information from plaintiff but gives no indication that defendant was considering loan modification or that statutorily-required notice was given. The other correspondence is a fax transmittal dated April 21, 2010, in which plaintiff stated: "I'd like to resubmit for loan modification. Please advise me what is needed." Defendant argues that this is proof that it considered an initial loan modification application prior to entry of notice of

5

default. Not so. Defendant asks us to take it at its word about what this fax means, but its inference goes too far and does not prove up the point. Defendant submits no declarations indicating that the notice required by Section 2923.5 was given. In fact, the dearth of evidence from defendant, in the face of plaintiff's clear statement to the contrary that defendants did not contact her to notify her of her rights prior to the recording of the notice of default, speaks volumes.

"If section 2923.5 is not complied with, then there is no valid notice of default, and without a valid notice of default, a foreclosure sale cannot proceed. The available, existing remedy is found in the ability of a court in section 2924g, subdivision (c)(1)(A), to postpone the sale until there has been compliance with section 2923.5." *Mabry*, 185 Cal. App. 4th at 223.

On the current record it appears likely that — at the least — defendants did not comply with their legal obligations attending contacting plaintiff prior to entry of notice of default, and that failure must be cured before any foreclosure sale can proceed. This failure can be the basis of plaintiff's California Business and Professions Code Section 17200 and breach of contract claims, and act as an independent right of action until such problems of notice have been cured.

Accordingly, other stated predicates to plaintiff's Section 17200, breach of contract, and wrongful foreclosure claims do not necessarily have to be meritorious for plaintiff to have a likelihood of success. Defendant argues that plaintiff's claim that she qualifies for a loan modification is a dud, because entities that have comprehensive loan modification programs — as defendant Wells Fargo does — are exempt from California Civil Code Section 2923.52. Section 2923.52 is different from Section 2923.5. Section 2923.52 sets forth a delay of notice of sale "to allow the parties to pursue a loan modification to prevent foreclosure." A mortgage loan servicer that has implemented a qualifying comprehensive loan modification program is exempt from Section 2923.52. Yet defendant is not exempt from Section 2923.5. So even assuming its exemption from Section 2923.52, such exemption does not cure the problems identified above.

At the same time, defendant ignores other potential predicates in the complaint for plaintiff's claims. For example, the complaint states that plaintiff long ago requested an

6

accounting but has yet to receive one. It may be that at the end of the day plaintiff will not be entitled to loan modification. But plaintiff has presented at least "serious questions going to the merits" based on her preliminary demonstration of other violations of California law by defendants. *See Alliance*, 622 F.3d at 1052–53.

### 2. IRREPARABLE HARM

It is the plaintiff's burden to prove that "[s]he is likely to suffer irreparable harm in the absence of preliminary relief." *Winter*, 129 S.Ct. at 374. In the context of preliminary injunctive relief, irreparable harm is established when a plaintiff is unlikely to be made whole by an award of monetary damages or some other legal remedy at a later date, in the ordinary course of litigation. *See Cal. Pharmacists Ass'n v. Maxwell-Jolly*, 563 F.3d 847, 851–52 (9th Cir. 2009).

Plaintiff is likely to suffer irreparable harm if the foreclosure sale goes forward. "There is nothing in section 2923.5 that even hints that noncompliance with the statute would cause any cloud on title after an otherwise properly conducted foreclosure sale. . . . [T]he *only* remedy provided is a postponement of the sale before it happens." *Mabry*, 185 Cal. App. 4th at 235 (emphasis in original). Plaintiff's application states, "If the trustee's sale is allowed to proceed before this action is resolved, the Plaintiff will . . . be rendered homeless, and she may lose her right in this action to any claim to the Property." Money damages will not compensate plaintiff for this potential loss.

### 3. BALANCING THE EQUITIES AND THE PUBLIC INTEREST

Finally, the two remaining factors weigh in favor of granting the relief sought by plaintiff. Defendants' interests are secured by the property and the undertaking set out below. There is not a great danger of damage to the property as it is plaintiff's residence. And, importantly, plaintiff is entitled to her day in court to vindicate her right to statutorily-required notice. If in fact defendants did not comply with their obligations and we had not granted preliminary relief, we would have turned plaintiff out — potentially without recourse. This would not be the first time that a bank shirked its legal responsibilities to aid a struggling borrower trying to pay back her loan. It is in the public interest to allow such borrowers a full

7

and fair opportunity to show that they were not given all the benefits that the law afforded when they make a preliminary showing that something was amiss.

\*          \*          \*

For the foregoing reasons, this order finds that plaintiff has established serious questions going to the merits, that the hardship balance tips sharply towards the plaintiff, a likelihood of irreparable injury, and that an injunction is in the public interest. As such, a preliminary injunction is warranted.

**4.     REQUEST FOR JUDICIAL NOTICE**

Concurrent to her filing an application for a temporary restraining order and order to show cause regarding a preliminary injunction, plaintiff filed a request for judicial notice of state court filings that preceded removal (Dkt. No. 24). FRE 201 states: "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Moreover, "[a] court shall take judicial notice if requested by a party and supplied with the necessary information."

It is unclear what plaintiff would judicially notice — The existence of these documents? The fact that they were filed in state court? The arguments in them? Plaintiff has not supplied necessary information for this Court to take judicial notice, so her request is denied.

**5.     UNDERTAKING**

Plaintiff is required to provide an undertaking in the amount of $8,000, plus the security in the house. At the end of 60 days, defendants can make a motion to increase this amount if it is inadequate to protect defendants.

The preliminary injunction will be deemed vacated without further order of the Court unless the undertaking is provided by January 27, 2011. Plaintiff must file proof that she has provided the undertaking by that date.

8

**CONCLUSION**

Based upon the foregoing , plaintiff's application for a preliminary injunction is **GRANTED**.* Defendants are enjoined from conducting a deed of trust sale of or foreclosing on 114 Sutro Heights in San Francisco, California, without further order of this Court.

**IT IS SO ORDERED.**

Dated: January 13, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

\* Defendant's application to delay the filing of this order, continue the hearing on the motion to dismiss, and advance a settlement conference with Magistrate Judge Zimmerman is **DENIED**. At the hearing on the preliminary injunction, the undersigned said he would delay issuing this order until Thursday, January 13, to give the parties an opportunity to meet and confer. A settlement did not materialize. The Magistrate Judge cannot advance the settlement conference as defendant requests.