United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

KENG HEE PAIK, an individual,

    Plaintiff,

v.

WELLS FARGO BANK, N.A., Successor by Merger to Wells Fargo Bank Southwest, NA formerly known as Wachovia Mortgage FSB formerly known as World Savings Bank FSB, WELLS HOME LOAN SERVICING, LP, a Texas Limited Partnership, and NDEX WEST, LLC, a California Corporation,

    Defendants.
                                            /

No. C 10-04016 WHA

**ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND VACATING HEARING**

## INTRODUCTION

In this foreclosure dispute, defendant Wachovia Mortgage, a division of Wells Fargo Bank, N.A., formerly known as Wachovia Mortgage, FSB, and World Savings Bank, FSB, moves for summary judgment. For the reasons stated below, the motion is **GRANTED**.

## STATEMENT

On January 20, 2006, plaintiff Keng Hee Paik entered into a written loan agreement with World Savings Bank, FSB, in the original principal sum of $750,000.00. Plaintiff secured the loan with a deed of trust recorded against her real property, located at 114 Sutro Heights Avenue, in San Francisco. Plaintiff maintains that she was current on her payments until 2010 when she fell behind due to loss of income (Paik Decl. ¶ 4). On April 16, 2010, NDeX West LLC, as trustee, recorded a notice of default and election to sell under the deed of trust on

plaintiff's property. The notice of default states that the amount in arrears was $16,308.17 as of April 15, 2010.

Plaintiff's complaint asserts five claims: (1) unfair business practices under California Business and Professions Code Section 17200; (2) wrongful foreclosure under California Civil Code Sections 2923.5, 2923.52, 2923.53, and 2924, *et seq.*; (3) breach of contract; (4) quiet title; and (5) declaratory relief.

Defendant states that "[t]he entire basis of the complaint is plaintiff's claim that Wachovia never complied with Civil Code § 2923.5" (Br. 1). California Civil Code Section 2923.5 requires:

> [B]efore a notice of default may be filed, that a lender contact the borrower in person or by phone to 'assess' the borrower's financial situation and 'explore' options to prevent foreclosure. . . . '*A mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the borrower's financial situation and explore options for the borrower to avoid foreclosure.*' There is nothing in section 2923.5 that requires the lender to rewrite or modify the loan.

*Mabry v. Superior Court*, 185 Cal. App. 4th 208, 213–14 (2010) (emphasis added). The lender must notify the borrower and help her assess her options for modification but need not automatically provide modification.

"[T]he remedy for noncompliance [with Section 2923.5] is a simple postponement of the foreclosure sale, nothing more." *Id.* at 214. In other words, our inquiry is solely whether there was compliance with Section 2923.5 *at any time*, because only without any compliance can relief be afforded to plaintiff — *i.e.*, relief in the form of postponement, which is the only relief available.

Defendant argues that the facts conclusively show that it complied with Section 2923.5. In fact, defendant argues that it complied with Section 2923.5 *twice*.

*First*, in October 2009 Wachovia corresponded with plaintiff regarding the documents necessary to review her loan for potential modification (Dolan Decl. ¶ 7 and Exhs. A–B). In a letter dated October 19, 2009, Wachovia requested "all documents related to [plaintiff's] current sources of income," including paycheck stubs, the previous year's signed tax returns, a year-to-date profit and loss statement, and any statements reflecting the receipt of fixed income. The

letter informed plaintiff of how to submit documents for review in order to move forward with the loan modification process (Dolan Decl. Exh. A). In a letter dated October 26, 2009, Wachovia stated that it "ha[d] not received documentation needed to finalize [plaintiff's] pending Mortgage Assistance Plan loan modification," and reiterated that "[i]n order to move forward with the modification process, [plaintiff] must return all documents related to [her] current sources of income" (Dolan Decl. Exh. B).

By January 2010 plaintiff had submitted sufficient documentation and the loan modification review occurred (Dolan Decl. ¶ 9 and Exh. C). Because plaintiff's loan balance at the time of the review was $813,887.28, and the permissible debt ceiling under the Home Affordable Modification Program was $729,750.00, plaintiff was ineligible for assistance under HAMP. Also, the ratio of plaintiff's housing payment to reported gross monthly income (called "HTI" by defendant) was too high for assistance under the Mortgage Assistance Plan, Wachovia's borrower assistance plan, because to qualify the borrower's HTI must be less than 31 percent, and plaintiff's "current ratio" at that time was 61 percent and her "proposed ratio" was 49 percent. The written analysis of plaintiff's loan modification request to this effect is in the record; it is dated January 29, 2010, and it was signed as approved on February 2, 2010 (Dolan Decl. Exh. C).[1] This was prior to the recording of the notice of default in April 2010.

Plaintiff states that she was never informed that she was denied for the loan modification or "any work-out solutions" prior to Wachovia initiating the foreclosure process in April 2010 (Opp. 2 and Paik Decl. ¶ 4). This is effectively refuted by reference to plaintiff's deposition testimony:

> Q: Did you receive a communication from Wachovia that the loan modification had been denied?
>
> A: I never — I — I believe so.

---

[1] The written analysis also stated, "The borrower states the hardship should end in February 2010 so I recommend a Forbearance plan." Plaintiff states that she was never informed that Wachovia "recommended a forbearance agreement" (Opp. 2 and Paik Decl. ¶ 4). The record does not indicate whether Wachovia ever initiated a forbearance plan.

3

| | |
|---|---|
| Q: | And so when you say here, you say, "I'd like to resubmit for loan modification," were you planning to resubmit your financial information? |
| A: | I don't know what was the reason why they reject my modification. Simply they said it's expired, I believe. That's why I want to resubmit it. |

(Exh. I). Attached to the notice of default, a declaration of LaQuonna Hawkins, Vice President of Loan Documentation, states: "[The bank] has contacted the borrower as set forth in California Civil Code section 2923.5(a)(2)" (Matsui Supp. Decl. Exh. J).

*Second*, the parties participated in settlement proceedings before Magistrate Judge Zimmerman as a part of this litigation, in February 2011. Prior to the settlement conferences Wachovia requested and plaintiff provided updated financial information, so that Wachovia could prepare an updated modification analysis (Matsui Decl. ¶ 2 and Exh. F; McFarlin Decl. ¶ 5). Plaintiff's income was $5,500 per month, and her monthly payments of principal and interest on her loan were $3,490.61 per month. As with the previous loan modification review, and because the outstanding balance of plaintiff's loan had not decreased, plaintiff was found ineligible for a HAMP modification. Plaintiff was also ineligible under MAP because the lowest adjusted monthly housing-related payment was 52 percent of her gross monthly income, as opposed to the 31 percent threshold. In addition to settlement conferences with Magistrate Judge Zimmerman, the parties explored other options to avoid foreclosure, but without success (Matsui Decl. ¶ 2).

Defendant Wachovia Mortgage now moves for summary judgment.

**ANALYSIS**

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FRCP 56(c). An issue is "genuine" only if there is sufficient evidence for a reasonable fact-finder to find for the non-moving party, and "material" only if the fact may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). All reasonable inferences, however, must be drawn in the light most favorable to the non-moving party. *Olsen v. Idaho State Bd. of Med.*, 363 F.3d 916, 922

4

(9th Cir. 2004). That said, unsupported conjecture or conclusory statements cannot defeat summary judgment. *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1103 (9th Cir. 2008).

As reviewed above, undisputed facts sworn in the record now show that defendant complied with California Civil Code Section 2923.5, because defendant has "contact[ed] the borrower in person or by phone to 'assess' the borrower's financial situation and 'explore' options to prevent foreclosure." *Mabry*, 185 Cal. App. 4th at 213–14. Wachovia considered plaintiff's loan modification requests and explored alternatives to foreclosure with her. Wachovia has reviewed plaintiff's circumstances for loan modification twice and has determined twice that plaintiff does not earn enough monthly income to qualify her for a loan modification. The parties have explored other options to avoid foreclosure, without success (Matsui Decl. ¶ 2). Again, Section 2923.5 does *not* give the borrower a *right* to a loan modification. *Mabry*, 185 Cal. App. 4th at 231. Wachovia has conclusively complied with Section 2923.5, and therefore Wachovia is entitled to summary judgment on this basis.

All of plaintiff's arguments to the contrary fail.

Plaintiff challenges the record put in on this motion by Wachovia. Specifically, plaintiff's counsel argue that the declaration of Michael Dolan, operations analyst at Wachovia, is insufficient to authenticate the documents attached thereto because he does not have "personal knowledge of any of the purported contacts with Plaintiff" (Opp. 1, 5–6). Not so. Mr. Dolan has worked for Wachovia in its various entity forms since 1984, he has been a Vice President in the Portfolio Retention Department, which included Wachovia's Loan Service and Tele-Finance Departments, and has held other various positions including in the loan services division, and he has extensive personal familiarity with Wachovia's policies and practices related to lending operations and loan portfolios as well as daily access to all related documents. He reviewed the entire loan file and communication records associated with plaintiff's loan, and is fully competent and capable of authenticating the documents put into the record through his declaration. This order finds these documents properly authenticated as kept by Wachovia in their regular course of business concerning the review of plaintiff's request for loan modification as reviewed above.

1    These documents show that Wachovia requested documents from plaintiff concerning
2 her income and then that Wachovia conducted a loan modification review and completed a
3 written loan modification analysis.

4    All of plaintiff's many conclusory statements — for example, that "Wachovia
5 misrepresents the facts"; "Wachovia has no facts or evidence to support its motion"; "initiation
6 of the non-judicial foreclosure process has been rife with procedural irregularities";
7 "Wachovia's utter lack of contact"; etc. — are unavailing. They are mere assertions divorced
8 from the actual record on this motion.

9    Plaintiff states that Wachovia "fails to provide for [sic] any evidence that Plaintiff was
10 actually contacted in person or by telephone to explore loan modification options or work out
11 solutions with Plaintiff" (Opp. 6). Not so. It is undisputed that as a part of this very litigation,
12 the parties have explored various options to avoid foreclosure including but not limited to loan
13 modification, but to no avail (Matsui Decl. ¶ 2). Again, Section 2923.5 *only allows*
14 *postponement of foreclosure pending compliance*. *Mabry*, 185 Cal. App. 4th at 214 ("the
15 remedy for noncompliance [with Section 2923.5] is a simple postponement of the foreclosure
16 sale, nothing more"). Plaintiff does not dispute that Section 2923.5 has been complied with by
17 now. That is the end of her claim.

18    In the same vein, plaintiff asserts that she qualified for a loan modification. That is not
19 our issue. Once again, Section 2923.5 does *not* give a borrower a *right* to a loan modification
20 and under California law this order cannot assess whether Wachovia should have provided a
21 loan modification. "*There is nothing in section 2923.5 that requires the lender to rewrite or*
22 *modify the loan.*" *Mabry*, 185 Cal. App. 4th at 213 (emphasis added). All that this order can do
23 is ensure that Wachovia complied with Section 2923.5 and explored options with plaintiff to
24 avoid foreclosure. That was done.

25    Plaintiff states that because she should qualify for a loan modification, not giving her
26 one somehow invalidated Wachovia's exemption from the ninety-day notice requirement under
27 Section 2923.52 — plaintiff agrees Wachovia is otherwise exempt (Opp. 7). Plaintiff has put
28 forth no authority whatsoever that would allow courts to engage in individual loan modification

6

analysis and then invalidate a bank's exemption on an ad hoc basis despite the existence of a comprehensive loan modification program as called for by the statute (RJN Exh. 1).[2] To the contrary, Section 2923.5 provides only a limited remedy of a postponement of foreclosure pending compliance, and other potential remedies to prevent foreclosure are preempted by federal law. *Mabry*, 185 Cal. App. 4th at 214 ("Is section 2923.5 preempted by federal law? No — but, we must emphasize, it is not preempted because the remedy for noncompliance is a simple postponement of the foreclosure sale, nothing more.") (emphasis omitted).[3]

Lastly, defense counsel argue that plaintiff's claims for violation of Section 17200, breach of contract, quiet title, and declaratory relief should fail as they are premised solely on the above claim for violation of Section 2923.5, and so when that claim fails the others should as well. Plaintiff's counsel take a consistent approach, by arguing that because plaintiff's claim for violation of Section 2923.5 presents a triable issue of fact so too do the other claims. In other words, plaintiff's counsel assert no independent theory of recovery that would allow plaintiff to proceed on the other claims, now that her claim brought under Section 2923.5 and related sections of the California Civil Code has failed, for the reasons stated above. As such, there is no genuine issue of material fact as to any of plaintiff's claims, and Wachovia's motion to dismiss is **GRANTED**.

\*            \*            \*

Defendant NDeX West, LLC, did not join this motion. In fact, its only filing in this matter was a joinder in removal from state court. The notice of removal also includes a notice of non-monetary status that NDeX filed in state court prior to removal. NDeX stated therein,

---

[2] Wachovia requests that judicial notice be taken of the fact that it is exempt from the requirements of California Civil Code Section 2923.52, as found by the California Department of Real Estate. The information submitted shows that Wachovia Mortgage has been exempt under Civil Code Section 2923.53 since July 21, 2009. Wachovia's request for judicial notice is **GRANTED**, as this information is not subject to reasonable dispute in that it is capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. FRE 201.

[3] Other Civil Code sections do not help plaintiff — for example, Section 2923.6 "conspicuously does not require lenders to take any action." *Id.* at 222 n.9.

7

however, that it "agrees to be bound by any non-monetary order or judgment that may be issued by the court regarding [the] Deed of Trust." NDeX never answered the complaint.

Judgment will not be entered yet because this action still remains against NDeX. Judgment will wait until the status of plaintiff's claims against NDeX has been resolved.

## CONCLUSION

Based upon the foregoing, the motion for summary judgment as to all claims against defendant Wachovia is **GRANTED**, and the hearing on August 11 is **VACATED**.

**IT IS SO ORDERED.**

Dated: August 3, 2011.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE